IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JIMMY EARL DAVIS,

    Plaintiff,

v.                                           CASE NO. 1:10-cv-00029-MP-AK

FLORIDA DEPARTMENT
OF CORRECTIONS, HASSETT,

    Defendants.

_____/

# **O R D E R**

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 7).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff names two defendants: the Florida Department of Corrections and Captain Hassett, but mentions Sergeant Martin and Officer May in the body of his complaint. He must clarify whether he is naming them as defendants or not.

Plaintiff must also name *persons*, not the Department of Corrections, as defendants. Therefore, he should delete the DOC as a defendant.

From the facts asserted against named Defendant Hassett, Plaintiff claims that he has failed to protect him by identifying him as a snitch after he alerted prison officials to a plot by

other inmates to attack someone. He should provide more details about this, if he can, since it is not clear how he knows that Hassett told others, when he told about the conspiracy, and how this relates to his "full confession" about a 30 year old murder.

Further, Plaintiff complains about retaliation for asserting his first amendment rights regarding filing complaints and grievances, but he offers no facts to link Defendant Hassett to any first amendment activity. It is well settled law that the First Amendment protects inmates from retaliation by prison officials for filing administrative grievances and lawsuits. Green v. Mowery, 212 Fed. Appx. 918, 919 (11th Cir. 2006); Redd v. Conway, 160 Fed. Appx. 858, 862 (11th Cir. 2005). To state a retaliation claim, a plaintiff must establish three elements: (1) that his speech or act was constitutionally protected; (2) that the defendants' retaliatory conduct adversely affected the protected speech or act; and (3) that there is a causal connection between the retaliatory actions and the adverse affect. Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). As to the third requirement, a causal link, conclusory allegations of retaliation without "some facts" that would indicate that the retaliatory act was in retaliation for filing grievances is not sufficient. See White v. Thompson, 2007 WL 2324613 (S. D. Ga. 2007). See also Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (prisoner may establish retaliation by "demonstrating that the prison official's actions were `the result of his having filed a grievance concerning the conditions of his imprisonment.'"). The allegations must be more than "general attacks" upon a defendant's motivations, Plaintiff must produce "affirmative evidence" of retaliation from which a jury could find that plaintiff had carried his burden of proving the requisite motive. Crawford-El v. Britton, 523 U.S. 574, 600, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 759 (1998) (citations omitted). A prisoner does not automatically cast doubt upon an institutional decision, nor is the decision "subject to exhaustive challenge," solely because he

was engaged in a First Amendment right.  Adams v. James, 784 F.2d 1077, 1082 (11th Cir. 1986); Adams v. James, 797 F.Supp. 940, 949 (M.D. Fla. 1992).  Even though prison officials do not have the authority to prohibit inmates from filing grievances it does not follow that every time an inmate files a grievance the act of doing so renders the exercise of prison authority suspect. See Adams, 784 F.2d at 1082.  Indeed, while mindful that a plaintiff may not be held to a heightened burden of proof, see Crawford-El, 523 U.S. at 580-86 (holding that in retaliation claim prisoner could not be required to show "clear and convincing" evidence of defendant's unconstitutional motives), courts should approach prisoner claims of retaliation "with skepticism and particular care" due to the "near inevitability" that prisoners will take exception with the decisions of prison officials and "the ease with which claims of retaliation may be fabricated." Dawes v. Walker, 239 F.3d 489, 491 (2nd Cir. 2001), impliedly overruled in part on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

Plaintiff does not state any facts that link Defendant Hassett's actions on November 28, 2009, (locking him in disciplinary confinement), to particular grievances or lawsuits against Hassett that might result in some retaliatory action.  Likewise, with Martin and May, even thought it is not clear that Plaintiff intended to name them as defendants since they are not listed as defendants.

Finally, Plaintiff refers to the incident on November 28, 2009, but there are no facts about what particularly happened on that date, what the nature of the DR was, or anything that might explain the "incident" that resulted in an investigation by the FDLE and this lawsuit.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are

responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **May 14, 2010.**

**DONE AND ORDERED** this  *23rd*  day of April, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge