IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JIMMY EARL DAVIS,

    Plaintiff,

v.                                            CASE NO. 1:10-cv-00029-MP-GRJ

FLORIDA DEPARTMENT OF
CORRECTIONS, et al,

    Defendants.

_____/

## O R D E R

This case is before the Court on Doc. 38, Plaintiff's "Motion for Emergency Intervention," which the Court construes as a motion for a preliminary injunction. Plaintiff complains that his cell was searched twice in July and twice in August but none of the nearby cells were also searched and that he was moved from one dormitory to another. He filed an informal grievance about these issues that was logged on August 15, 2011. Plaintiff alleges that on August 16, he was subject to another search of his cell and told by Sergeant Jordan "to get rid of most of his legalwork from his locker because it was a fire hazard." Plaintiff alleges that Sergeant Jordan then took him to the sallyport and told him "You keep writin', we're gonna keep f–kin' with you, and we're gonna win, you understand what I'm sayin'?" On August 17, Plaintiff filed a formal grievance against Sergeant Jordan and Captain Gray, who allegedly witnessed the "shakedown" of Plaintiff's cell. (Doc. 38.)

Plaintiff alleges that without the intervention of this Court, he "will eventually come to serious physical harm, or even death, at the hands of staff, or one of staff's

many inmate thugs." Plaintiff states that three inmates recently told him that he needed to be careful about writing grievances or he might be assaulted or killed. Plaintiff does not specify the relief he seeks other than "intervention" from this Court. (Doc. 38.)

Granting or denying a preliminary injunction is a decision within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997)*, citing United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983)*.* Guiding this discretion is the required finding that plaintiff establish:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant;  and

(4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)*; Carillon Importers, Ltd.,* 112 F.3d at 1126*; United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983)*.* A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson County,* 720 F.2d at 1519, citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974)*.*

Plaintiff complains of having his cell searched, being moved to another dormitory, and allegedly being threatened by Sergeant Jordan. Though Plaintiff complains that he is in fear of being physically harmed in retaliation for writing grievances, he does not allege substantial facts to support his subjective fear of harm. Based on the facts alleged in Plaintiff's motion, he fails to carry his burden of

persuasion on any of the four factors warranting injunctive relief. Plaintiff's allegations about cell searches in dormitory moves and an isolated, vague threat are not sufficient to invoke the drastic remedy of a preliminary injunction, especially where Plaintiff asks the Court to prevent correctional officials from performing activities that are sometimes necessary to maintain order in the prison environment–searching cells and moving Plaintiffs to different dormitories. To the extent Plaintiff challenges the cell searches, dormitory move, or alleged threats on constitutional grounds, those issues are not before the Court in the instant case. Also, it appears the matter is currently being investigated by the Department of Corrections pursuant to the grievance process.

Furthermore, to the extent Plaintiff asks the Court to bind non-parties to an order issued by this Court, his motion is flawed. The Defendants in this case are Captain Hassett; Sergeant Martin; correctional officers May, Cochran, Reyes ,Serpas, and Thurman; and Dr. Norma Gilo. (Doc. 36). Plaintiff does not name any of these persons as specifically engaging in the activities he alleges warrant a preliminary injunction. Rule 65(d), which governs motions for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. P. 65(d). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted). This Court must have

jurisdiction over a party to adjudicate a claim.  Therefore, the parties identified in the motion would not be bound by an order issued by this Court.

Accordingly, it is **ORDERED:**

That Plaintiff's motion for emergency intervention, Doc. 38, is **DENIED.**

**DONE AND ORDERED** this 27th day of September 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge