IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JIMMY EARL DAVIS,

    Plaintiff,

v.                                                      CASE NO. 1:10-cv-00029-MP-GRJ

FLORIDA DEPARTMENT OF
CORRECTIONS, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner incarcerated at Northwest Florida Reception Center ("NWFRC"), initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff was granted leave to proceed as a pauper and has paid an initial partial filing fee. (Docs. 7, 16). Plaintiff's claim largely stems from his allegations that correctional officers conspired and retaliated against him for filing grievances by issuing false disciplinary reports. In his most recently amended complaint (Doc. 36), Plaintiff also contends that a physician at NWFRC retaliated against him for filing a medical grievance by taking his walker and medical passes. Upon careful consideration of Plaintiff's Complaint, it is recommended that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## Plaintiff's Allegations

The factual allegations of the Complaint may be summarized as follows. Plaintiff alleges violations of his First Amendment, Equal Protection, Due Process, and Eighth Amendment rights. Plaintiff alleges that on November 28, 2009, Captain Hassett

placed Plaintiff in disciplinary confinement. Plaintiff admits that Captain Hassett's stated motives were to complete an investigation regarding a potential assault against another inmate but contends that Captain Hassett placed Plaintiff in confinement to punish him for filing grievances and lawsuits. Plaintiff does not specify how long this confinement lasted. Plaintiff admits that he told a counselor about a potential attack against an inmate.

Plaintiff contends that on December 4, 2009, Sergeant Martin filed a false disciplinary report against Plaintiff for Disrespect to Officials which resulted in 30 days of disciplinary confinement. Plaintiff contends that on December 7, 2009, Officer May filed a false disciplinary report. Plaintiff alleges that Captain Hassett, Sergeant Martin, and Officer May engaged in a conspiracy to issue false disciplinary reports in violation of Plaintiff's constitutional rights. Plaintiff also alleges that at some point between December 9, 2009 and March 19, 2010 (while Plaintiff was at another correctional facility) Captain Hassett violated his Eighth and Fourteenth Amendment rights by telling two inmates that Plaintiff had submitted a request with the inmates' names on it. Plaintiff alleges that because of Captain Hassett's actions he has been labeled as a "snitch" and his personal safety is in danger. Plaintiff does not allege that any physical harm occurred as a result of the alleged conversation between Captain Hassett and the two inmates.

The remainder of the allegations in Plaintiff's Third Amended Complaint (Doc. 36) occurred after Plaintiff initiated this suit on February 18, 2010. The first set of complaints occurred between October 2010 and January 2011. Plaintiff alleges that in October 2010, Dr. Norma Gilo refused to issue him a straw hat pass. On December 2,

2010, a dermatologist at Holmes C.I. issued Plaintiff a straw hat pass, but on December 3, 2010, Dr. Gilo allegedly refused to give Plaintiff the hat.  Plaintiff alleges that he then filed a medical grievance against on Dr. Gilo on January 4, 2011 and in retaliation, Dr. Gilo took away his walker and instructed staff to take away his eight medical passes.

Finally, Plaintiff alleges that on March 6, 2011, Sergeant Serpas issued a false disciplinary report against Plaintiff as part of an ongoing conspiracy with Captain Hassett, Sergeants Cochran and Reyes, and Officer Thurman.

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (Twombly "expounded the pleading standard for all civil actions," and conclusory

allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by Iqbal).

## Discussion

With regard to Plaintiff's request for relief regarding the "falsified DRs," federal courts do not operate as appellate courts for prison disciplinary actions.   "[A]n inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying that charge after being afforded adequate due process." O'Bryant v. Finch, 637 F.2d 1207, 1215 (11th Cir. 2011).  The only claims viable in this Court concerning a disciplinary report (DR) are claims asserting procedural violations, such as the denial of witnesses or evidence or the failure by the prison to give the inmate advanced, written notice of the disciplinary charge, or an impartial hearing board. Wolff v. McDonnell, 418 U.S. 539, 563-67; Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999), *citing* Young v. Jones, 37 F.3d 1457 (11th Cir. 1994).  The degree of proof required at a prison disciplinary hearing is significantly lower than that required in a criminal prosecution, and a decision need only be supported by "some evidence." See Superintendent,

Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 455-56 (1985) (federal courts will not re-weigh the evidence, assess the credibility of the witnesses, or otherwise make a *de novo* review of the proceedings); see also Young, supra at 1460 (federal courts do not conduct *de novo* review of disciplinary team's fact finding).

Plaintiff alleges that falsified disciplinary reports were filed against him in retaliation for prior grievances.[1]  Plaintiff does not allege procedural defects in the disciplinary process and thus does not have a cognizable retaliation claim.  The only facts Plaintiff points to that appear in any way to assert a due process violation related to his disciplinary hearings were that on December 23, 2009 while at the Lake Butler Reception and Medical Center, he entered a plea of no contest to the Disciplinary Review Committee while "under the influence of psychotropic medication at the time and was unaware of what was happening until he received his paperwork days later." (Doc. 36, pp. 28-29).  Even assuming this is sufficient to provide the basis of a due process violation, Plaintiff does not state a claim in this action because (1) the hearing occurred at a different facility and apparently did not involve any of the actors named in this suit; and (2) Plaintiff admits that he did not exhaust any administrative remedies regarding this incident because "it is futile to argue with, or fight the administration through the grievance process, as fairness does not exist here."  (Doc. 36, p. 29).  The Prisoner Litigation Reform Act, 42 U.S.C. § 1997E(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions.

---

[1] Plaintiff fails to clearly identify what those prior grievances were for or who they were filed against, only alleging formal complaints filed in 2008 with the Governor and the U.S. Attorney, a 2006 civil lawsuit, and what Plaintiff perceives as a label by inmates and staff as a "writwriter."  (Doc. 36, p. 21).

"This requirement is a 'pre-condition to suit' that must be enforced even if the available administrative remedies are 'futile or inadequate.'" Logue, v. Pearson, 2011 U.S. Dist. LEXIS 66950, *2-3 (S.D. Ga. 2011) (citing Harris v. Garner, 190 F.3d 1279, 1285-86 (11th Cir. 2005)).

Plaintiff's remaining claim is that Dr. Gilo retaliated against him for filing a medical grievance against her alleging deliberate indifference; Plaintiff alleges that the retaliation occurred in the form of his walker and medical passes being taken away from him. These events giving rise to the grievance and alleged retaliation occurred between October 20, 2010 and January 5, 2011, according to Plaintiff. These events, wholly unrelated to the retaliation claims against the correctional officers, occurred several months after Plaintiff initiated the instant lawsuit. The accrual date of a § 1983 cause of action "occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Wallace v. Kato, 549 U.S. 384, 388 (2007). Plaintiff's claim against Dr. Gilo had not accrued at the time he filed the instant suit. Furthermore, in Plaintiff's Third Amended Complaint, he states that he intends to file a separate deliberate indifference suit against Dr. Gilo. To the extent Plaintiff plans to/has done this, he is advised that the retaliation claim against Dr. Gilo would arise out of the same events as his deliberate indifference claim, and those claims would need to be adjudicated in the same suit.

## Conclusion

On two prior occasions, (Docs. 17 and 32) this Court has advised Plaintiff of the deficiencies in his claims, and in light of Plaintiff's *pro se* status, permitted Plaintiff two opportunities to amend his Complaint. However, for the foregoing reasons, the Court

concludes that the allegations of the Third Amended Complaint (Doc. 36) fail to state a claim upon which relief may be granted.

Plaintiff is advised of the three-strikes bar of 28 U.S.C. § 1915(g).  If a prisoner has three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

This dismissal of this claim will count as a "strike" for the purposes of 28 U.S.C. § 1915(g).  Plaintiff appears to have at least one other strike (Case No. 4:06-cv-186-MP-AK)[2] from a case previously filed in this Court.

It is respectfully **RECOMMENDED** that the Third Amended Complaint, Doc. 36, be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS**  this 30th day of September 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[2] Plaintiff represents on his Third Amended Complaint (Doc. 36, p. 3) that this suit was dismissed for "lack of evidence."  It was dismissed  pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

*Case No: 1:10-cv-00029-MP-GRJ*

## NOTICE TO THE PARTIES

**`A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**